State vs. Washington.

No. 242.

THE STATE OF LOUISIANA VS. JOHN WASHINGTON.

An indictment under Section 905 of the Revised Statutes, which declares that any servant, clerk, broker, agent, etc., who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money which he shall have received for another, or for his employer, or principal, etc., by virtue of his trust or employment, or which shall have been entrusted to his care and keeping, or possession, upon conviction, etc., is sufficient, if it sets forth in words of similar import to those contained in the statute, the *capacity* in which the defendant received and posssessed the money entrusted to him for delivery to another.

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

*J. C. Pugh* and *J. Henry Shepherd*, District Attorneys, for the State, Appellant:

1. Indictments for statutory offenses need only describe the offense in the language of the statute, or words of similar import. State vs. Williams, 37 Ann. 776; 33 Ann. 312; 36 Ann. 923; 39 Ann. 986.

2. If the statement of the real facts constitute a substantial violation of the statute, the indictment is sufficient. State vs. Hood, 6 Ann. 179.

3. It is a rule of criminal pleadings, well settled, that presumption of law need not be stated nor conclusions of law resulting from the facts of a case. It suffices to state the facts, and leave the court and jury to draw the inferences. 1 Chitty, 231; Maule, 105; 2 Wilson 147; 5 Leach 591. See also dissenting opinion of Judge Preston in State vs. Stiles, 5 Ann. 329.

4. The principal object of pleadings in criminal cases is to inform the defendant of the nature, cause and character of the charges preferred against him to the end that he may shape his proof accordingly.

5. The policy of criminal jurisprudence is to give a liberal construction to indictments and statutes. State vs. Stiles, 5 Ann. 329; State vs. Humphries, 35 Ann. 969; 38 Ann. 564; Ib. 567.

6. In criminal matters, technicalities are not to be disregarded, but they must be subjected to reasonable restraints, and cannot be allowed to reduce the law to a mere "rhapsody of words."

*J. C. Egan, J. F. Pierson* and *S. A. Hull* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. The State is appellant from a judgment quashing, as insufficient in material averment, an indictment for embezzlement, couched in these words, viz:

"John Washington  *  *  did feloniously and wrongfully use, and convert to his own use, and conceal and embezzle $5, lawful money, of the value of $5, of the property of Sam Hollingsworth, then and there being found, which said money had then and there been entrusted to

the said John Washington to deliver to one Dan Harvey, contrary to form of the statute, etc."

The district judge was of opinion that the indictment was vicious, because it did not charge that the accused was a servant, clerk, broker, agent, consignee, trustee, attorney, mandatary, depositary, common carrier or bailee, and as such, entrusted with the money alleged to have been embezzled by him, on the hypothesis that such was matter of essential description, and sacramental; and that it "is not a crime for any *other* person to commit the act, than those mentioned in the statute;" and that "the indictment must contain a word ( or term ) found in the statute, else it will ordinarily be defective, as violating a well known rule of criminal pleading."

This is, substantially, the position assumed, and assigned by defendant's counsel in their motion to quash; or, in other words, that the indictment does not show the capacity in which the defendant received the money, or the fiduciary relation existing between the defendant and the person who had entrusted the money to him.

The statute under which this indictment was found is in these words, viz:

"Any servant, clerk, broker, agent, consignee, trustee, attorney, mandatary, depositary, common carrier, bailee, etc., * * who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money * * which he shall have received for another, or for his employer, principal, or bailor, or by virtue of his office, trust or employment, or which shall have been entrusted to his care, keeping or possession by another, or by his employer, principal, or bailor * * * upon conviction, etc."

Evidently the statute does indicate, and plainly enumerates the various capacities in which persons must be employed, in order to constitute the wrongful use, or misappropriation of funds by them a violation of its provisions, and such an act embezzlement within its contemplation; but we know of no rule of law, or of criminal pleading, which makes the use of any particular *term* of the statute sacramental, in designating such capacity.

In State vs. Eames, 39 Ann. 986, we said of an indictment for embezzlement, on a careful review and analysis of authority, that, "it is not essential that the offense should be described in the *language* of the statute. It is sufficient if all the elements of the offense are set forth in words of similar import to those employed in the statute; that is, in such words as clearly convey the real meaning of the language used in the statute."

In State vs. Samuels, 38 Ann. 458, a similar question was raised to the one presented here, and, in discussing same, we said, "it is true that the information does not contain the word *assault*, but it is equally true that the language used in the information contains the necessary ingredients of an assault; and no rule of law requires that criminal pleadings should contain the identical words of the statute, provided the true meaning thereof be unequivocally found in the bill or information."

What, then, is the offense denounced in the statute? It is the wrongful use and embezzlement of a sum of money, which has been entrusted to his care, by one acting in the capacity of an agent, or servant of another. Now, as the question with which we are presently concerned, is the *capacity* in which the defendant received the money, the indictment would seem to be sufficient if it sets forth, in words of similar import to those contained in the statute, the capacity in which defendant held the money embezzled. It sets forth that the defendant did wrongfully use, conceal and embezzle $5 of lawful money. That this money was the property of Sam Hollingsworth. That said money had then and there been entrusted to defendant for delivery to Dan Harvey. These averments are equivalent to a statement that Sam Hollingsworth had entrusted to the defendant, as his servant or agent, the sum of $5 for delivery to Dan Harvey. The simple fact that the defendant was entrusted with $5 for delivery to Dan Harvey, implies that he was acting in the capacity of an agent or servant. Such averments clearly convey the real meaning of the term servant, or agent, employed in the statute. The true and legitimate meaning of the indictment is that the defendant, as the servant, or agent of Sam Hollingsworth, was entrusted with $5 for delivery to Dan Harvey.

We are of the opinion that the indictment is good, and quashing it was error. It is, therefore, ordered and decreed that the judgment quashing the indictment be annulled, and that the indictment be reinstated, the cause remanded for further proceedings according to law, and the defendant and appellee be taxed with costs of appeal.